REGAN, Judge.
The plaintiff, General Accident Fire & Life Assurance Corporation, Ltd., filed this suit against the defendant, Norvin T. Sitzman, endeavoring to recover the sum of $3,000.00 which it asserts was the excess amount that it paid to him in error as indemnification for a loss which he incurred as the result of the destruction by fire of his mobile home and its contents.
The defendant answered and denied that the payment was made through error. The defendant then filed a third party petition against Burgis-Kelly Agency, Inc., seeking judgment for the amount of $3,000.00 in the event that the plaintiff should be successful in its suit against him. This action was predicated on the alleged negligence of the third party defendant in failing to communicate the defendant’s request for increased policy limits to the plaintiff. The third party defendant answered and denied that it had agreed to an increase in the defendant’s coverage.
Following a trial on the merits, the lower court rendered judgment in favor of the defendant, dismissing the plaintiff’s suit at its cost.
From that judgment, the plaintiff has prosecuted this appeal.
The record discloses that on October 18, 1965, the defendant’s mobile home was destroyed by fire. Notice was given by the defendant to Mortimer Kelly, president of the third party defendant corporation. Thereafter, an adjustor representing the plaintiff investigated the fire damage and presented the defendant with a completed proof of loss in the amount of $11,000.00; the information contained therein was obtained from the third party defendant.
The plaintiff and the third party defendant insist that through a series of errors, the claim was duly prosecuted predicated *287 on the existence of $11,000.00 of coverage rather than the sum of $8,000.00, and the defendant was eventually paid the larger amount by check.
It is conceded by all of the litigants herein that the third party defendant was the authorized agent of the plaintiff, so that if the increase in the policy limits on the mobile home from $5,000.00 to $8,000.-00 was in fact agreed upon, such agreement would be binding upon the plaintiff. However, if the increase in coverage was not agreed upon, the plaintiff would be entitled to a judgment in the amount of $3,-000.00 for the reason that this sum was paid erroneously.
It is likewise conceded that the defendant contracted with the third party defendant for all or substantially all of his insurance coverage. The third party defendant was a small, closely held corporation, whose president was Mortimer Kelly, the person with whom the defendant transacted his business. When the defendant acquired his mobile home, he procured insurance thereon in the amount of $5,000.00 and $3,000.00 on its contents. He then testified that as the result of a meeting with Kelly which occurred on July 23 or 24, 1964, he increased the limits of insurance on the mobile home from $5,000.00 to $8,-000.00, so that the total combined coverage on the trailer and its contents amounted to $11,000.00.
The evidence is conclusive that the plaintiff did not receive any notification from third party defendant of any change in coverage. Moreover, the defendant did not receive a bill from the third party defendant for the increase in coverage, although the billing procedure of the third party defendant was somewhat confused by the fact that a single bill was rendered for all policies of insurance written on behalf of the defendant, his business, and some policies issued to his father, with only the serial number of the policy inscribed on the bill to serve as identification.
In any event, the third party defendant denied that the defendant, had ever asked for or obtained an increase in the coverage on his mobile home. He also insisted that there were no records of any sort in his office to support the existence of an amendment to the policy. However, upon further examination, it was revealed that changes or additions to policies and new policies were handled in a most informal way in view of the small size of the third party defendant’s agency. Most of the business was transmitted by Kelly orally to his sister, who was major stockholder therein and an office employee.
In fact, the only written evidence of the transaction insofar as it relates to the increased coverage was a purported memorandum made by the defendant himself, which he claims to have attached to his insurance file or to his insurance policies the day after he and Kelly met to initially discuss the issuance of a life insurance policy which occurred on July 23 or 24,1964.
The foregoing elucidation reveals that the only question posed for the trial court’s consideration was one of fact, and that is whether the defendant and third party defendant had ever entered into an agreement increasing the defendant’s coverage on his mobile home from $5,000.00 to $8,-000.00. The judge thereof obviously accepted the defendant’s version of the evidence, and, therefore, concluded that an amendment to the policy had been agreed upon between the defendant and his insurance agent which increased the coverage on the defendant’s mobile home from $5,-000.00 to $8,000.00.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence adduced herein as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of what actual *288 ly transpired at the conference of July 23 or 24, 1964. The trial judge accepted the defendant’s version thereof, and our analysis of the record convinces us that the evidence preponderates in his favor and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff, General Accident Fire & Life Assurance Corporation, Ltd., is to pay all costs incurred herein.
Affirmed.